UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRUCE WILLIAMS; | ) | |
| | ) | |
| Plaintiff, | ) | No. 07 C 2468 |
| | ) | |
| vs. | ) | |
| | ) | Judge Pallmeyer |
| CITY OF CHICAGO, | ) | Magistrate Judge Denlow |
| A Municipal Corporation; and | ) | |
| Chicago Police Officers | ) | |
| ROBERT KELLER, Star 6451; | ) | Jury Demand |
| DANIEL SMITH, Star 19200; | ) | |
| COOK COUNTY; | ) | |
| THOMAS DART, Cook County Sheriff; and | ) | |
| Unknown Cook County Jail | ) | |
| Correctional Officer John Doe; | ) | |
| | ) | |
| Defendants. | ) | |

**FIRST AMENDED COMPLAINT**

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth, and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**Parties**

4. Plaintiff is a citizen of the United States, and a resident of Morton Grove, Illinois.

5. Defendant Chicago police officers are duly appointed and sworn City of Chicago police officers. At all times relevant to this Complaint, said Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6. Defendant JOHN DOE is a duly appointed and sworn Cook County Sheriff's Correctional Officer.

7. At all times material to this Complaint, Defendant JOHN DOE was acting in the course and scope of his employment, and under color of state law, ordinance and/or regulation.

-1-

8.  The Defendant-Officers are sued in their individual capacities.

9.  The CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendant-Officers KELLER and SMITH.

10. THOMAS DART is the Sheriff of Cook County, and is sued in his official capacity.

## Facts

11. On or about April 29, 2006, at about 2:45 pm, at or near 1367 West Greenleaf, Chicago, Illinois, Plaintiff was driving his car.

12. Plaintiff was stopped by Defendant-Officers KELLER and SMITH for allegedly not having brake lights.

13. After Plaintiff was stopped, the Defendant-Officers asked Plaintiff for his drivers license and proof of insurance.

14. Plaintiff produced his valid drivers license and proof of insurance.

15. Defendant-Officers KELLER and SMITH removed Plaintiff from the car.

16. A Defendant-Officer searched Plaintiff's vehicle.

17. Bullets were found.

18. Plaintiff had just bought the car a few days earlier, and did not know anything about the bullets found in the car.

19. The other Defendant-Officer searched Plaintiff's person and found two blue pills which were viagra.

20. Plaintiff explained that the pills were viagra and that he had a prescription.

21. Plaintiff told Defendant-Officers KELLER and SMITH that they could call Walgreen's to confirm his prescription. They refused.

22. Defendant-Officers KELLER and SMITH did not have a search warrant, probable cause, exigent circumstances, or any other legal justification to search Plaintiff's car or his person.

23. In an attempt to justify their illegal searches and conduct, Defendant-Officers KELLER and SMITH prepared reports falsely claiming that they observed the bullets on the floor in plain view as they approached Plaintiff's car.

24. Plaintiff was transported to the police station, and charged with possession of ammunition, and felony possession of a controlled substance.

25. Plaintiff's car was impounded.

26. Plaintiff spent two days in custody.

27. The day after his arrest, Plaintiff was transported to the Cook County Jail.

28. At the jail, Plaintiff was processed, which included a strip search.

29. After the strip search, Plaintiff was slow in getting dressed, which irritated Defendant JOHN DOE, who punched Plaintiff for not getting dressed fast enough.

30. Plaintiff filed a grievance, and has exhausted his administrative remedies.

31. All the charges against Plaintiff, felony possession of a controlled substance (viagra), failure to register ammunition, and brake lights, were dismissed.

32. It took about two months of court process before Plaintiff was able to get his car back.

33. When Plaintiff got his car back it was not driveable and had to be towed.

34. Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

35. As a direct and proximate result of the acts of the Defendants described above, Plaintiff has suffered and continues to suffer damages including loss of physical liberty, emotional distress, physical pain and suffering, mental anguish and humiliation, and monetary losses including attorney's fees, money posted for bond, lost wages, and property damage.

## COUNT I
### (42 U.S.C. § 1983 – Illegal Search of Person)

36. Plaintiff realleges paragraphs 1 through 35 as if fully set forth herein.

37. The actions of Defendant-Officers KELLER and SMITH in searching Plaintiff's person without any legal justification violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against said Defendant-Officers;

b) Award Plaintiff compensatory and punitive damages, as determined at trial;

c) Award Plaintiff attorney's fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Illegal Search of Vehicle)

38. Plaintiff realleges paragraphs 1 through 35 as if fully set forth herein.

39. The actions of Defendant-Officers KELLER and SMITH in searching Plaintiff's vehicle without any legal justification violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against said Defendant-Officers;

b) Award Plaintiff compensatory and punitive damages, as determined at trial;

c) Award Plaintiff attorney's fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT III
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

40. Plaintiff realleges all of the above paragraphs and counts as if fully set forth herein.

41. The acts of the individual Defendant Chicago police officers described in the above claims were willful and wanton, and committed in the scope of their employment.

42. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of said Defendant-Officers.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify said Defendant-Officers for any judgment entered in this case arising from their actions.

## COUNT IV
### (42 U.S.C. § 1983 – Excessive Force)

43. Plaintiff realleges paragraphs 1 through 35 as if fully set forth herein.

44. At the Cook County Jail, Defendant JOHN DOE punched Plaintiff, in violation of Plaintiff's right to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant JOHN DOE;

b) Award Plaintiff compensatory and punitive damages, as determined at trial;

c) Award Plaintiff attorney's fees and costs;

    d)    Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT V
### (42 U.S.C. § 1983 – *Monell* Claim against THOMAS DART)

45.    Plaintiff realleges all of the above paragraphs and counts, as if fully set forth herein.

46.    At all times material to this Complaint, there existed in the Cook County Jail the following practices, policies and customs::

    a.    arbitrary use of excessive force against pretrial detainees;

    b.    arbitrary use of excessive force against new pretrial detainees during the initial processing and screening;

    c.    mental abuse, oral abuse and assault of pretrial detainees;

    d.    a *code of silence* in which correctional officers fail to report misconduct by other correctional officers;

    e.    said *code of silence* includes correctional officers either remaining silent or giving false and misleading information during official investigations to cover up misconduct, and to protect themselves and other officers;

    f.    failure to adequately train, supervise and discipline correctional officers;

    g.    failure to adequately investigate complaints and grievances against correctional officers;

    h.    failure to adequately discipline correctional officers;

47.    The actions of the correctional officer as alleged in this Complaint were done pursuant to, and as a result of, one or more of the above *de facto* practices, policies and customs.

48.    The practices, policies and customs described above are widespread, permanent and well-settled, and were known, or should have been known, to Defendant THOMAS DART.

49.    Defendant DART acted with deliberate indifference in maintaining, overlooking and preserving the unconstitutional practices, policies and customs delineated above.

50. By his inaction and failure to correct the above-described practices, policies and customs, Defendant DART tacitly approved and thus indirectly authorized the type of misconduct Plaintiff complains of herein.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against THOMAS DART;

b) Award Plaintiff compensatory damages, as determined at trial;

c) Award Plaintiff attorney's fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT VI
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

51. Plaintiff realleges all of the above paragraphs and counts as if fully set forth herein.

52. The acts of Defendant JOHN DOE described in the above claims were willful and wanton, and committed in the scope of his employment.

53. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant COOK COUNTY is liable for any judgments in this case arising from the actions of Defendant JOHN DOE.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant COOK COUNTY to indemnify Defendant JOHN DOE for any judgment entered in this case arising from his actions.

**Plaintiff demands trial by jury on all counts.**


Respectfully submitted,

/s/ Lawrence V. Jackowiak
*Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595